IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSEPH PENDER JR, | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO.** |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Presiding Judge |
| SAGER METAL STRIP | ) | |
| COMPANY L.L.C., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

## COMPLAINT

**NOW COMES** the Plaintiff, Joseph Pender, by and through his attorney Charles Siedlecki and complaining against the Defendant Sager Metal Strip Company L.L.C.,, states as follows:

### *JURISDICTION*

1. This action is brought pursuant to 42 U.S.C. § 1981; the Equal Pay Act 29 U.S.C.S § 206(d)(1) ; the Civil Rights Attorney's Fee's Awards Act of 1976, 42 U.S.C. § 1988 and the Constitution of the State of Indiana.  Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, 1343, as well as the courts supplemental jurisdiction over any related and pendant state law claims.

### *PARTIES*

2. Plaintiff, Joseph Pender Jr. (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America, resident of Michigan City, Indiana.

3. Defendant, Sager Metal Strip Company L.L.C. ("Sager") is a corporation registered and

doing business within the State of Indiana and is an employer within the meaning of the Section 1981. Defendant owns and operates a facility located at 100 Boone Drive, Michigan City, IN 46360.

## *FACTS*

4. Plaintiff is a black, male, 67 years of age.

5. Plaintiff is a member of a class of persons protected under federal anti-discrimination laws. Plaintiff had a contractual employment relationship with the Defendant within the meaning of Section 1981.

6. Plaintiff was originally hired by Defendant September 21, 2005, as an maintenance person.

7. On or about 2010, Plaintiff was promoted to Tool Room Operator and received an attendant pay increase.

8. On January 31, 2014, Plaintiff was informed he was being "permanently laid off" for financial reasons. Plaintiff was the only full time employee "permanently" laid off as the other employees were hired back.

9. Plaintiff met or exceeded the reasonable work expectations of the Defendant as evidenced by the complete lack of any discipline and his promotion.,

10. Plaintiff was denied pay equal to similarly situated employees outside the protected class.

11. Almost immediately following Plaintiff's termination Defendant hired a white, younger, male employee Shane Rickard, who assumed Plaintiff's duties.

12. All other full time employees allegedly "laid off" along with Plaintiff, were hired back. Only Plaintiff remained "permanently laid off."

13. During his tenure and within the statutory limitations period of 42 U.S.C. §1981. Plaintiff was subjected to a hostile, discriminatory work environment because of his race. This racial discrimination was intentional and targeted Plaintiff.

14. The unlawful conduct directed at Plaintiff included but is not limited to the following:

   a. Continuing racially offensive comments made by non-black supervisor Danny Munoz, Aaron Litherland and others.

   b. Plaintiff was denied overtime granted to non-black similarly situated employees of Defendant.

   c. Racially charged and highly offensive references to Plaintiff as "Nigger," Nigga."

   d. A workplace environment which was ripe with racially offensive graffiti, including but not limited to "Go home Nigger", "Get it right Nigger," Swastika's and the intimidating, violent, presence of a "Noose" hanging in Plaintiff's workplace.

   e. References to racially offensive stereotypes directing Plaintiff to step outside for the "Chicken and Watermelon" at a company cookout.

   e. Having his work materials labeled for him as a "Nigga."

   f. Supervisor Munoz had targeted Plaintiff for harassment and termination. Mr. Munoz made clear his intentions while speaking to Mr. Neil Evans stating while pointing at Plaintiff, "That is one lazy nigger, I'm going to fire his fucking ass."

   g. Ageist remarks that Plaintiff was an "old man".

   h. Inquiries of "Why don't you retire old man."

   i. Racially offensive graffiti was also allowed which targeted black children.

        Defendant was aware of this incident as the mother of the child in question Mrs. Zachary Smith was outraged and spoke to Pete Paris co-owner of Sager about this.

15. Plaintiff during his tenure continually objected/complained of the above and other unlawful, unwanted, untoward and racially offensive comments and conduct related to his race and work environment, to no avail.

16. Prior to his termination Plaintiff complained of the unlawful conduct set forth herein to supervisory personnel of the Defendant, including but not limited to: Jerry Eapmon - Plant Manager, Kay Frank - Former Company Controller, Brian Thorpe - Supervisor and Sharon Lane - Controller. Yet, no corrective action was taken no employee was disciplined.

17. Plaintiff was retaliated against for complaining of the above unlawful conduct. Plaintiff was denied equal pay, was denied overtime previously granted.

18. After complaining of the above language, racially tinged comments, conduct/graffiti Plaintiff was further humiliated by being ordered by Supervisor Munoz to clean it off the bathroom doors as he (Munoz) and other non black employees looked on laughing. The racially offensive graffiti almost immediately reappeared. And Plaintiff would again be directed to get on his knees in the bathroom and clean it up. This was a never ending and humiliating task which made Plaintiff's work environment even worse and had a chilling effect upon his continuing complaints.

19. Plaintiff was terminated on false and pretextual grounds and replaced by a younger male, white employee.

18. The above allegations are supported by witnesses including but not limited to:

      a.     Employee Omar White

      b.     Employee Neal Evans;

      c.     Employee Chris Putz;

      d.     Employee Mario Ellis

      e.     Employee Hollie Hancock

      f.     Employee Kurt Hatfield;

      g.     Employee Kurt Clancey;

      h.     Employee John Auburn;

      i.     Employee Mike Stefanko:

      j.     Employee Jesus Portillo;

      k.     Employee Pascual Lopez;

      l.     Employee Kathy Anderson;

      m.     Employee John Arzalo.

19. Defendant was aware of this intentional discriminatory, retaliatory treatment and failed to take corrective action. Failed to enforce stated Equal Employment Opportunity policies. Failed to follow or enforce its' own policies.

20. Plaintiff was targeted for harassment/discriminatory treatment because of his race.

21. Plaintiff was subjected to a hostile work environment because of his race.

22. Non-black employees were treated more favorably than black employees because of race and not subjected to the horrific racial discrimination described herein. These allowed and repeated references to Plaintiff as a "Nigger" set him apart from all other employees. That term inflicts cruel injury by its very utterance. It is degrading, it is humiliating, and it

is freighted with a long and shameful history of humiliation, the ugly effects of which continue to haunt us all. The words have no legitimate place in the working environment.

23. The presence of a "noose" hanging in Plaintiff's workplace is further indication of the racially hostile work environment endured by the Plaintiff. The "noose" is the most repugnant of all racist symbols, because it is itself an instrument of violence and Plaintiff viewed it as such.

24. Plaintiff suffered the above discrimination and harassment at the hands of the Defendant, its supervisors and/or agents because of his race and in retaliation for complaining of same.

25. Plaintiff informed and complained to the Defendant of these actions pursuant to its policies, yet no corrective action was taken.

26. The conduct and communications of Defendant and its' agents, supervisors, representatives and employees, substantially interfered with the employment of Plaintiff and created a discriminatory, hostile, intimidating and offensive work environment. Such conduct was intentional, knowing, deliberate, willful, in bad faith and was engaged in by Supervisory personnel of the Defendant. The Defendant is strictly liable for the actions of its' supervisory personnel.

27. Defendant's conduct further violated Plaintiff's rights in that:

   a. It failed to provide Plaintiff with employment conditions and relationships where he could work safely, free from harassment, discrimination;

   b. It failed to respond promptly to Plaintiff's complaints of harassment/discrimination, hostile work environment and retaliation;

    c.    It failed to thoroughly investigate Plaintiff's complaints of harassment/discrimination/hostile work environment/retaliation;

    d.    It failed to take appropriate action when it knew or should have known of the harassment/discrimination/retaliation and unlawful conduct allowed to exist within Plaintiff's workplace;

    e.    It failed to promptly discharge, suspend, reprimand or otherwise discipline workers, supervisors who either perpetrated, acquiesced in, ignored or tacitly approved the harassment/unlawful conduct.

28.    On April 7, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") - Charge No. 470-2014-01587, which is currently under investigation by the EEOC. *(Attached hereto as Exhibit 1)* .

29.    Plaintiff will seek leave of Court to amend this Complaint adding claims under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq* upon receipt of a Notice of Right to Sue from the EEOC seeking additional damages allowed by violation of those federally protected rights.

30.    Plaintiff engaged in conciliation attempts through the Equal Employment Opportunity Commission with Defendant prior to initiating this action.

31.    Plaintiff has met all procedural requirements prior to initiating this action. Plaintiff was subjected to intentional discrimination because of race. This Defendant intended to and did in fact discriminate against him on the basis of race in violation of his rights under 42 U.S.C. § 1981.

32. Plaintiff timely brings his claims within the 4 year statute of limitations as set forth under Section 42 U.S.C. §1981. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 158 L. Ed. 2d 645, 124 S. Ct. 1836, 1845 (2004).

## *COUNT I*
## *RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981*

1-32. Plaintiff re-states and re-alleges paragraphs 1 through 32 above as though fully set forth herein.

33. Defendant, by its actions and/or omissions as pled in this Complaint, violated the Civil Rights Acts of 1866, 1870, and 1991, as codified in 42 U.S.C. §1981, by denying Plaintiff the same right to make and enforce his employment contract, including the same rights to modification and termination of the employment contract and the same enjoyment of all the benefits, privileges, terms and conditions of the contractual relationship, as a white person would have had.

34. As a proximate result of this violation of §1981, Plaintiff lost wages, lost employment benefits, and suffered pain, emotional distress and other damages. The actions and omissions of the Defendant were knowing, willful, intentional and in reckless disregard for Plaintiff's federally protected rights.

35. To punish defendant for this breach of §1981 and to deter future breaches of §1981 by Defendant and its' employees, exemplary/punitive damages should be awarded.

36. At all times relevant to this Complaint, there was in full force and effect a statute of the United States of America known as the Civil Rights Attorney's Fees Awards Act of 1976 that stated, in relevant part:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."42 U.S.C. §1988, Pub. L. No. 94-559, 90 Stat. 2641.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following:

A. Enter judgment in favor of the Plaintiff and against the Defendant;

B. Enter judgment in his favor and against the Defendant for compensatory damages in an amount in excess of $750,000.00 dollars;

C. Enter judgment in his favor and against the Defendant for exemplary/punitive damages;

D. Enter judgment in his favor and against the Defendant for reasonable attorneys' fees pursuant to Civil Rights Attorney's Fees Awards Act of 1976;

E. Enter judgment in his favor and against the Defendant for the costs of this action;

F. Enter judgment in his favor and against the Defendant for such other relief as this Court deems just and appropriate.

## *COUNT II*
## *RACIALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981*

1-36. Plaintiff repeats and re-alleges paragraphs 1 through 36 above as though fully set forth herein.

37. Plaintiff was subject to unwelcome harassment as specified above.

38. The harassment Plaintiff suffered was based upon Plaintiff's race in violation of federal law.

39. The harassment suffered by Plaintiff was severe, pervasive and altered the terms and

conditions of his employment.

40. The harassment intensified over time and culminated in Plaintiff's termination.

41. Defendant was aware of the harassment/discrimination yet took no reasonable or effective corrective measures.

42. The harassment was perpetrated by agents/employees and supervisory personnel of the Defendant and Defendant itself.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following:

A. Enter judgment in favor of the Plaintiff and against the Defendant;

B. Enter judgment in his favor and against the Defendant for compensatory damages in an amount in excess of $750,000.00 dollars;

C. Enter judgment in his favor and against the Defendant for exemplary damages;

D. Enter judgment in his favor and against the Defendant for reasonable attorneys' fees pursuant to Civil Rights Attorney's Fees Awards Act of 1976;

E. Enter judgment in his favor and against the Defendant for the costs of this action;

F. Enter judgment in his favor and against the Defendant for such other relief as this Court deems just and appropriate.

## COUNT III
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

1-42. Plaintiff, repeats and re-alleges paragraphs 1 through 42 above as though fully set forth herein.

43. Defendant violated Plaintiff's rights by terminating Plaintiff's employment, denying him overtime, humiliating him before other workers, assigning him additional work duties

without any attendant increase in pay, because Plaintiff complained about Defendant's illegal, discriminatory conduct to Defendant, to other supervisory personnel in the Defendant's chains of command with regard to a racially hostile work environment, race discrimination and retaliation.

44. Plaintiff in complaining of discrimination because of race in violation of 42 U.S.C. § 1981 engaged in a protected activity.

45. Defendant subsequently imposed upon Plaintiff a negative job action and terminated his employment. Such conduct was intentional.

46. Plaintiff's protected activity caused Defendant to impose the negative job actions and termination of employment. Such conduct was willful, knowing, intentional and in disregard for Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following:

A. Enter judgment in favor of the Plaintiff and against the Defendant;

B. Enter judgment in his favor and against the Defendant for compensatory damages in an amount in excess of $750,000.00 dollars;

C. Enter judgment in his favor and against the Defendant for exemplary damages;

D. Enter judgment in his favor and against the Defendant for reasonable attorneys' fees pursuant to Civil Rights Attorney's Fees Awards Act of 1976;

E. Enter judgment in his favor and against the Defendant for the costs of this action;

F. Enter judgment in his favor and against the Defendant for such other relief as this Court deems just and appropriate.

## COUNT IV
## *VIOLATION OF THE EQUAL PAY ACT*

1-46. Plaintiff, repeats and re-alleges paragraphs 1 through 46 above as though fully set forth herein.

47. Plaintiff was denied wages/compensation that was paid to similarly situated younger employees and those employees who were not black.

48. Plaintiff performed work equal to or greater than employees who were younger and/or non-black - yet those employees were paid more than Plaintiff.

49. Defendant was aware of this disparity and unequal pay yet failed to take corrective action.

50. Defendant terminated Plaintiff's employment after and because he complained of this unequal/unlawful treatment.

51. Defendants conduct in denying Plaintiff equal pay was willfully and knowingly done.

**WHEREFORE**, Plaintiff prays this Honorable Court grant the following relief:

A. Award compensatory damages;

B. Award punitive damages;

C. Award attorney fees, expert witness fees and costs of suit;

D. Award pre-judgment, post judgment interest;

E. Award such other relief as this Honorable Court deems just.

Respectfully submitted,

/s/ Charles Siedlecki

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Ste. 405
Chicago, Illinois 60643
(773) 881-2535

## **VERIFICATION**

I, Joseph Pender Jr. Plaintiff in the above lawsuit hereby verify, swear and depose, that I have read and reviewed the above Complaint and that it is true and correct.

**Dated:**     September 8, 2014

Joseph Pender, Jr.